IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED-CLERK
U.S. DISTRICT COURT
02 APR 11 PM 2:40
TX EASTERN-BEAUMONT
BY _____

| | | |
|---|---|---|
| BEAUMONT FIREMEN'S RELIEF | § | |
| AND RETIREMENT FUND, A TRUST | § | |
| CREATED UNDER THE TEXAS LOCAL | § | |
| FIREFIGHTER'S RETIREMENT ACT, | § | |
| ARTICLE 6243e, TEXAS REV. CIV. STAT. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:02CV0214 |
| | § | |
| CALLAN ASSOCIATES, INC. and | § | |
| ARM CAPITAL ADVISORS, INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Beaumont Firemen's Relief and Retirement Fund, a Trust Created Under the Texas Local Firefighter's Retirement Act, Article 6243e, Texas Rev. Civ. Stat., Plaintiff herein complaining of Callan Associates, Inc. and ARM Capital Advisors, Inc., hereinafter referred to as Defendants, and makes and files this their Original Complaint and in support hereof would show unto the Court the following:

1.

This is a civil action for damages brought pursuant to Title 28 U.S.C. §1332, in that there is diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

2.

Plaintiff is an organization located in Jefferson County, Texas.

Defendant, Callan Associates, Inc., is a company doing business in the State of Texas and may be served with process by and through its agent for service, to wit: The Prentice Hall Corporation System, 800 Brazos, Austin, Texas 78701.

Defendant, ARM Capital Advisors, Inc., is a foreign corporation organized and existing pursuant to the laws of a state other than Texas, has not designated an agent or manager for the purpose of service of process in Texas, nor does it maintain a place of regular business with the state. Therefore, pursuant to the "Long-Arm Statute," Texas Civil Practice and Remedies Code §17, the Defendant has designated the Secretary of the State of Texas as its agent for service of process. Service of Citation may be made by forwarding a copy of same to Defendant at its principal place of business at 200 Park Avenue, New York, New York 10166.

3.

## NATURE OF CASE

Defendant Callan Associates, Inc. (hereinafter "Callan") and ARM Capital Advisors, Inc. (hereinafter "ARM") are entities engaged in providing investment management services to organizations who have retirement plans.

Plaintiff was a client of Callan and ARM. In 1986, Plaintiff hired Callan to manage its entire retirement assets and subsequently entered into a written management agreement to do so. Callan, over time, chose several specific firms to manage select portions of the fund. One of these, Defendant ARM, was to oversee a very conservative aspect of the portfolio, made up of investments intended to stabilize the portfolio. Plaintiff, at Callan's suggestion, entered into an agreement with ARM on September 16, 1996, for them to manage the fixed income portion of their portfolio.

Defendants were to act as agents for Plaintiff in the investment of their pension funds. Defendants owed Plaintiffs a fiduciary duty to act in good faith and deal fairly with Plaintiff. Defendants also owed a duty to exercise reasonable care in the management of Plaintiff's accounts and investments.

Heretofore, Plaintiff has been informed that their fixed income investment with ARM would be in investment grade securities and diversified. Upon realizing Defendants had not managed the fund's assets as contracted, Plaintiff terminated their association with Defendants and liquidated the portion of the fixed income portfolio as was possible, at a substantial loss.

4.

**FIRST CAUSE OF ACTION**
**BREACH OF FIDUCIARY DUTY**

Plaintiff would show, as stated above, that a fiduciary relationship existed between Plaintiff and Defendants. Plaintiffs and Defendants maintained a confidential relationship which included the reliance on one another to perform as agreed. The breach of the fiduciary duties occurred when Defendants breached their agreements to manage the Plaintiff's assets as contemplated.

5.

**SECOND CAUSE OF ACTION**
**NEGLIGENCE AND GROSS NEGLIGENCE**

Plaintiff would show that Defendants are guilty of negligence and gross negligence, material misrepresentations, fraud and deceit in the handling of Plaintiff's investments and money. Plaintiff would show they have incurred a substantial loss of their investment. Plaintiff would allege

that any loss of their investment and money was proximately caused by the negligence, gross negligence, wilful misconduct, misrepresentation and fraud on part of Defendants.

6.

## THIRD CAUSE OF ACTION
## COMMON LAW FRAUD AND MISREPRESENTATION

The Defendants were engaged in investment management securities and it is Plaintiff's belief and contention that Defendants have engaged in conduct that potentially arises to the level of fraud and violates the Texas Securities Act. It is also Plaintiff's belief that the Defendants engaged in fraud, misrepresentation, and violations of §33 of the Texas Securities Act.

Plaintiff would show that Defendants' mismanagement and failure and refusal to abide by the investment objectives relating to Plaintiff's accounts and Defendants' failure to provide Plaintiff with full knowledge of these transactions constitutes fraud, misrepresentation and a breach of fiduciary duty. Defendants misrepresented the true facts concerning their activities and such constituted misrepresentation and fraud. Plaintiff reasonably relied on Defendants' misrepresentations and fraudulent representations to their detriment. Plaintiff has been damaged by the fraud and misrepresentations of Defendants.

7.

## FOURTH CAUSE OF ACTION

Plaintiff would show that Defendants are in violation of their contractual duties. Plaintiff would show that they are entitled to reasonable and necessary attorneys' fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final judgment, Plaintiff have judgment against Defendants, jointly and severally, for their damages in an amount within the jurisdictional limits of the Court, prejudgment and post-judgment interest, costs of court,

attorneys fees, punitive damages and for such other and further relief to which Plaintiff may be justly entitled to receive.

                Respectfully submitted,

                MOORE, LANDREY, L.L.P.
                390 Park Street, Suite 500
                Beaumont, Texas  77701
                (409) 835-3891
                (409) 835-2707 FAX

                ETHAN L. SHAW
                State Bar No. 18140480
                JOHN P. COWART
                State Bar No. 04919500

                ATTORNEYS FOR PLAINTIFF