IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED-CLERK
U.S. DISTRICT COURT

02 MAY 29 PM 1:06

TX EASTERN-BEAUMONT

BY _Marilyn Ruiz_

| | | |
|---|---|---|
| BEAUMONT FIREMEN'S RELIEF | § | |
| AND RETIREMENT FUND, A TRUST | § | |
| CREATED UNDER THE TEXAS LOCAL | § | |
| FIREFIGHTER'S RETIREMENT ACT, | § | |
| ARTICLE 6243e, TEXAS REV. CIV. STAT. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:02-cv-00214 |
| | § | |
| CALLAN ASSOCIATES, INC. and | § | JUDGE HOWELL COBB |
| ARM CAPITAL ADVISORS, INC. | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Beaumont Firemen's Relief and Retirement Fund, a Trust Created

Under the Texas Local Firefighter's Retirement Act, Article 6243e, Texas Rev. Civ. Stat., Plaintiff

herein complaining of Callan Associates, Inc. and ARM Capital Advisors, Inc., hereinafter referred

to as Defendants, and makes and files this their Original Complaint and in support hereof would

show unto the Court the following:

1.

This is a civil action for damages brought pursuant to Title 28 U.S.C. §1332, in that

there is diversity of citizenship between Plaintiff and Defendants, and the amount in controversy,

exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00)

DOLLARS, exclusive of interest and costs.

2.

Plaintiff is an organization located in Jefferson County, Texas.



Defendant, Callan Associates, Inc., has appeared and answered herein and is properly before this Court and is being provided a copy of this First Amended Original Complaint by and through its attorney of record.

Defendant, ARM Capital Advisors, Inc., has been served but an answer is not yet on file. Plaintiff is therefore sending a copy of this First Amended Original Complaint by certified mail to its agent for service, to wit:  200 Park Avenue, New York, NY 10166.

3.

**NATURE OF CASE**

Defendant Callan Associates, Inc. (hereinafter "Callan") and ARM Capital Advisors, Inc. (hereinafter "ARM") are entities engaged in providing investment management services to organizations who have retirement plans.

Plaintiff was a client of Callan and ARM.  In 1986, Plaintiff hired Callan to manage its entire retirement assets and subsequently entered into a written management agreement to do so. See Exhibit "A."  Callan, over time, chose several specific firms to manage select portions of the fund.  One of these, Defendant ARM, was to oversee a very conservative aspect of the portfolio, made up of investments intended to stabilize the portfolio.  Plaintiff, at Callan's suggestion, entered into an agreement with ARM on September 16, 1996, for them to manage the fixed income portion of their portfolio.

Defendants were to act as agents for Plaintiff in the investment of their pension funds. Defendants owed Plaintiffs a fiduciary duty to act in good faith and deal fairly with Plaintiff. Defendants also owed a duty to exercise reasonable care in the management of Plaintiff's accounts and investments.

Heretofore, Plaintiff has been informed that their fixed income investment with ARM would be in investment grade securities and diversified. Upon realizing Defendants had not managed the fund's assets as contracted, Plaintiff terminated their association with Defendants and liquidated the portion of the fixed income portfolio as was possible, at a substantial loss.

4.

## FIRST CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

Plaintiff would show, as stated above, that a fiduciary relationship existed between Plaintiff and Defendants. Plaintiffs and Defendants maintained a confidential relationship which included the reliance on one another to perform as agreed. The breach of the fiduciary duties occurred when Defendant Callan breached its agreement to provide adequate independent investment consulting services with respect to the management of the Plaintiff's assets as contemplated. Defendant ARM breached its fiduciary duty to Plaintiff by failing to invest in the proper class and quality of investments as agreed.

5.

## SECOND CAUSE OF ACTION
## NEGLIGENCE AND GROSS NEGLIGENCE

Plaintiff would show that Defendants are guilty of negligence and gross negligence, material misrepresentations, fraud and deceit in the handling of Plaintiff's investments and money. Plaintiff would show they have incurred a substantial loss of their investment. Plaintiff would allege that any loss of their investment and money was proximately caused by the negligence, gross negligence, wilful misconduct, misrepresentation and fraud on part of Defendants.

Specifically, with respect to Callan, this Defendant was contracted with and paid a fee for, among other things, helping to select appropriate fund managers as well as to provide quarterly performance analysis and to advise Plaintiff accordingly. Plaintiff alleges that to the extent that these services were rendered, they were inadequate. Additionally, Defendant Callan, in rendering services as a conslutant and with knowledge as to their falsity, made material intentional misrepresentations which caused Plaintiff to believe its assets were being invested as planned, when, in fact, they were not.

6.

## THIRD CAUSE OF ACTION
## COMMON LAW FRAUD AND MISREPRESENTATION

The Defendants were engaged in investment management securities and it is Plaintiff's belief and contention that Defendants have engaged in conduct that potentially arises to the level of fraud and violates the Texas Securities Act. It is also Plaintiff's belief that the Defendants engaged in fraud, misrepresentation, and violations of §33 of the Texas Securities Act.

Plaintiff would show that Defendants' mismanagement and failure and refusal to abide by the investment objectives relating to Plaintiff's accounts and Defendants' failure to provide Plaintiff with full knowledge of these transactions constitutes fraud, misrepresentation and a breach of fiduciary duty, as outlined above. Defendants misrepresented the true facts concerning their activities and such constituted misrepresentation and fraud. Plaintiff reasonably relied on Defendants' misrepresentations and fraudulent representations to their detriment. Plaintiff has been damaged by the fraud and misrepresentations of Defendants.

7.

## FOURTH CAUSE OF ACTION

Plaintiff would show that Defendants are in violation of their contractual duties, more particularly set forth in the contract attached.  See Exhibit "A."  Plaintiff would show that they are entitled to reasonable and necessary attorneys' fees.

8.

Exhibit A is incorporated herein by reference as if fully set forth at length.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final judgment, Plaintiff have judgment against Defendants, jointly and severally, for their damages in an amount within the jurisdictional limits of the Court, prejudgment and post-judgment interest, costs of court, attorneys fees, punitive damages and for such other and further relief to which Plaintiff may be justly entitled to receive.

Respectfully submitted,

MOORE, LANDREY, L.L.P.
390 Park Street, Suite 500
Beaumont, Texas  77701
(409) 835-3891
(409) 835-2707 FAX

ETHAN L. SHAW
State Bar No. 18140480
JOHN P. COWART
State Bar No. 04919500

ATTORNEYS FOR PLAINTIFF

Plaintiff's First Amended Original Complaint - 5

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing has been mailed by certified mail, return receipt to all interested parties on this 23rd day of May, 2002.

_____

JOHN P. COWART

## A F F I D A V I T

THE STATE OF TEXAS          §
                                    §

COUNTY OF JEFFERSON      §

BEFORE ME, the undersigned authority, on this day personally appeared JOHN P.

COWART, hereinafter referred to as Affiant, who, by me first being duly sworn, does upon his oath

depose and say:

"My name is JOHN P. COWART. I am an attorney representing the Plaintiff Beaumont Firemen's Relief and Retirement Fund, A Trust Created Under the Texas Local Firefighter's Retirement Act, Article 6243e, Texas Rev. Civ. Stat., in the above styled and numbered cause of action. I am over the age of eighteen (18) years and have personal knowledge of every statement made in this Affidavit, and I am fully competent to testify to the matters herein stated.

I am an attorney licensed to practice law in all of the state courts of the State of Texas. I am employed by the law firm of MOORE, LANDREY, L.L.P.

I certify that the attached exhibit to Plaintiff's First Amended Original Complaint is a true and correct copy.

I further certify that all statements made in the foregoing First Amended Original Complaint are true and correct to the best of my knowledge and as stated."

Further, Affiant sayeth not.

JOHN P. COWART

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, a Notary Public in and for the State of Texas, by the said JOHN P. COWART, this the 23 day of May, 2002.

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

RENATE JEAN OWENS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 05-10-2005

# EXHIBIT "A"

# CONTRACT FOR CONSULTING SERVICES

## CALLAN ASSOCIATES INC.

### AND

## BEAUMONT FIREMEN'S RELIEF AND RETIREMENT FUND

This Agreement is made and entered into by and between Callan Associates Inc., a California corporation (hereinafter referred to as Callan), and the Beaumont Firemen's Relief and Retirement Fund (hereinafter referred to as the Fund), to provide independent investment consulting services to the Beaumont Firemen's Relief and Retirement Fund.

## I.    SCOPE OF WORK

Callan will provide the following services, prepare the following reports including charts, schedules or other documentation necessary in presenting performance management tools to the Fund.

### A.    Performance Analysis

1.    Callan will utilize asset and return data prepared by the Plan trustee and others and which are delivered to Callan in industry standard form, content, and layout and will perform portfolio and comparative return analyses. Callan will provide quarterly investment measurement reports and make presentations to appropriate individuals and committees as designated by the Fund, and will participate in regular quarterly performance appraisal meetings with the investment managers appointed by the Fund's office in Beaumont, Texas. This service will be provided for two investment managers. Should more than two investment managers be appointed by the Fund, the performance measurement fee in paragraph V below will be adjusted upward to reflect the additional work required to produce the report.

### B.    Investment Manager Controls

1.    Investment Manager Liaison: Callan will participate, in regular meetings with investment managers, in the negotiation of fee arrangements with the managers in the development and review of manager contracts. Quarterly, Callan will contrast the performance achieved for the Fund accounts with the composite performance results reported by managers. Callan will assist in the evaluation of requests for changes in guidelines, and performance targets. Callan will assist staff in planning, oversight and review of asset transitions among managers.

2.   Managing Managers Reports:   Callan will prepare a comparative return report reviewing each manager's performance against the accepted performance target and the market cycle timeline.

## II.   CALLAN INVESTMENTS INSTITUTE

The Callan Investments Institute (CII) is a continuing education and research facility in the pension and investments industry.  A division of Callan Associates Inc., the Institute was established in 1980 and its membership has steadily grown to over 250 leading corporate, public, endowment/foundation and multi-employer plan sponsor and investment management organizations.

The Fund will be a member of the Institute and will be provided with copies of surveys, research and performance data distributed to institute members.   In addition, six individuals will be able to attend both the regional and national conferences at no conference fee.  Additional representatives may attend at nominal cost (designed to cover the cost of meals and materials).

## III.   TRAVEL AND EXPENSES

The fee covers all travel and expenses to regularly scheduled client meetings in Beaumont, Texas.

## IV.   CANCELLATION

The Fund may cancel this Agreement upon ninety (90) calendar days written notice to Callan.  The effective date of such notice shall begin three (3) calendar days after date of posting with the United States Postal Service by regular mail, postage prepaid, addressed to the last known address of Callan.  The Fund shall pay for the services rendered by Callan to the effective date on a pro rata basis consistent with the fees set forth in paragraph V.

## V.   FEES

A.   The annual fee for the services referenced in the Scope of Work section is $21,000 and will be billed monthly.

B.  Fees in whole or in part may be satisfied at the sole option of the Fund by utilizing brokerage commissions directed to Alpha Management Inc. (hereinafter referred to as Alpha). If Alpha is used for trading, a ratio of two to one (2:00:1) is hereby agreed upon; i.e., $2.00 in commissions satisfies $1.00 of cash fees. Fees may also be satisfied by cash payments. In the event that commissions paid to Alpha exceed an amount equal to 2.00 times the cash fees charged during any calendar quarter, Callan will reimburse back to the Plan, no later than fifteen (15) days after the end of each calendar quarter, an amount equal to fifty (50%) percent of each prior calendar quarter's excess.

C.  Special project fees shall be billed 50% in advance and 50% at completion.

D.  Any additional or specialized consulting services not referenced in Paragraph 1 herein shall be charged to the Fund at Callan's normal rates. Such consulting shall be charged to the Fund in minimum half-day increments with a Senior Consultant billed at $2,000 per day plus expenses and Consulting Support billed at $600 per day plus expenses.

E.  Should any of the data supplied to Callan from any source be in a non industry standard form, content and/or layout requiring Callan to engage in additional and/or non industry standard work effort, or should the Plan Trustee and other asset custodians be unable to provide a suitable industry standard electronic form content and/or layout of data to Callan, any additional and/or specialized costs incurred by Callan as a result thereof will be charged to the Fund in addition to the fees detailed in Section V of this Agreement.

F.  This contract will be effective April 1, 1994.

## VI.   PAYMENTS

The Fund may make cash payments within a reasonable time after receipt of billing from Callan and/or Alpha. All fees will be payable to Callan and/or Alpha in U.S. dollars, payable from a U.S. based bank or to the financial institution and drawn upon a branch of that bank or institution located within the fifty states or the District of Columbia. Commission payments, if any, are expected to be received by Alpha as part of each individual normal trade settlement process or within 30 days of receipt of monthly billing.

## VII.   PROFESSIONAL CONSULTANT

All performance reports, audits, analysis studies, advisory reports, and evaluation tools will be reviewed, analyzed and presented by a professional Callan consultant to the Fund or its designees at the Fund's offices in Beaumont, Texas.

## VIII.  LAWS, STATUTES AND OTHER GOVERNMENT REQUIREMENTS

Callan and the services performed by Callan will be in full compliance with all applicable laws, rules, statutes, regulations, and other governmental provisions.

## IX.   CHANGES IN THE AGREEMENT

Any change to this agreement will be in writing in the form of an amendment duly executed by the parties hereto.

## X.   GOVERNING LAW

This Agreement will be governed and construed in accordance with the laws of the State of Texas, except to the extent such laws are preempted by applicable federal law.

**BY THE SIGNATURES** affixed below, this Agreement is hereby accepted as to all the terms and conditions.

Callan Associates Inc.                     Beaumont Firemen's Relief and Retirement Funds

By: _Paul V. _____                  _Morris E. Sandefer, Jr._

Title: _Executive Vice President_          Title:   _Chairman_

Date: _June 9, 1994_                       Date:   _June 9, 1994_