FILED - CLERK
U.S. DISTRICT COURT
2003 FEB 19 PM 1: 12
TX EASTERN-BEAUMONT
BY [signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BEAUMONT FIREMEN'S RELIEF AND RETIREMENT FUND, A TRUST CREATED UNDER THE TEXAS LOCAL FIREFIGHTER'S RETIREMENT ACT, ARTICLE 6243e, TEXAS REV. CIV. STAT. | § § § § § § |
| VS. | § CIVIL ACTION NO. 1:02-CV-00214 § |
| CALLAN ASSOCIATES, INC. and ARM CAPITAL ADVISORS, INC. | § JUDGE HOWELL COBB § |

## PLAINTIFF'S FOURTH AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Beaumont Firemen's Relief and Retirement Fund, a Trust Created Under the Texas Local Firefighter's Retirement Act, Article 6243e, Texas Rev. Civ. Stat., Plaintiff herein complaining of Callan Associates, Inc. and ARM Capital Advisors, Inc., hereinafter referred to as Defendants, and makes and files this their Fourth Amended Original Complaint and in support hereof would show unto the Court the following:

1.

This is a civil action for damages brought pursuant to Title 28 U.S.C. §1332, in that there is diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

2.

Plaintiff is an organization located in Jefferson County, Texas and at all times relevant to this suit, a citizen of the State of Texas with its principal place of business in the State of Texas whose members are citizens of the states of Texas, Louisiana and Missouri.

3.

Defendant, Callan Associates, Inc., has appeared and answered herein and is properly before this Court and is being provided a copy of this Fourth Amended Original Complaint by and through its attorney of record. Defendant Callan Associates, Inc., is a California corporation with its principal place of business in California. It is therefore a California citizen for the purposes of determining diversity jurisdiction.

4.

Defendant, ARM Capital Advisors, Inc., has appeared and answered herein and is properly before this Court and is being provided a copy of this Fourth Amended Original Complaint by and through its attorney of record. Defendant ARM Capital Advisors, Inc. is a Delaware corporation with its principal place of business in New York.

**NATURE OF CASE**

5.

Defendant Callan Associates, Inc. (hereinafter "Callan") is an entity engaged in providing certain investment consulting services to organizations who have retirement plans.

6.

Defendant ARM Capital Advisors, Inc. (hereinafter "ARM") is an entity engaged in the investment of funds in the capital markets for others.

7.

Plaintiff was a client of Callan and ARM. In 1986, Plaintiff hired Callan to consult with regard to its entire retirement asset fund and subsequently entered into a written management agreement to do so. See Exhibit "A" attached to Plaintiff's Third Amended Original Complaint.

8.

Callan, over time, consulted with Plaintiff about specific firms to manage select portions of the fund. One of these, Defendant ARM, was to oversee a very conservative aspect of the portfolio, made up of investments intended to stabilize the portfolio.

9.

Plaintiff, at Callan's suggestion, entered into an agreement with ARM on September 16, 1996, for them to manage the fixed income portion of their portfolio. See Exhibit "B" attached to Plaintiff's Third Amended Complaint.

10.

Defendant ARM was to act as an agent for Plaintiff in the investment of their pension funds. Defendant ARM owed a duty to exercise reasonable care in the management of Plaintiff's accounts and investments.

11.

Initially, Plaintiff was assured by Defendant Callan that Plaintiff's fixed income investment with ARM would be in investment grade securities and diversified.

12.

Despite Defendant Callan's reluctance to do so, upon realizing Defendant ARM had

not managed the fund's assets as contracted, Plaintiff terminated their association with Defendant ARM and liquidated the portion of the fixed income portfolio as was possible, at a substantial loss.

## FIRST CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY OF CALLAN ASSOCIATES, INC.

13.

Plaintiff would show, as stated above, that a fiduciary relationship existed between Plaintiff and Defendant Callan. Plaintiff and Defendant Callan maintained a confidential relationship which included the reliance on one another to perform as agreed.

14.

The breach of the fiduciary duties occurred when Defendant Callan breached its agreement to provide adequate independent investment consulting services with respect to the management of the Plaintiff's assets as contemplated.

15.

Specifically, Plaintiff alleges that The Fund relied heavily on Defendant Callan for advice as to choosing, monitoring and whether to retain managers of its pension fund. Plaintiff was presented with options for its fixed income manager by Callan and was persuaded to use ARM in 1996 by Callan employee, agent or vice-principal, Bill Badger. When Plaintiff expressed concerns at ARM's performance at subsequent quarterly meetings which were held between the Plaintiff and Callan, it was only suggested by Bill Badger that an "eye should be kept on the situation" but nothing else was done about the problem.

16.

Additionally, Plaintiff was encouraged by Callan to reduce the investment quality mandate in its fixed income portfolio to accommodate the downgrades seen in ARM's portfolio

Plaintiff's Fourth Amended Original Complaint - 4

rather than to maintain the initially higher standards and deal with the fund management problem. It is believed that part of the reason for Callan's position on this matter is that ARM and Callan had a business arrangement that created an inherent conflict of interest for Callan.

17.

Plaintiff further states that only after being questioned several times about the sub par results of the ARM fixed income portfolio, and only after large losses were sustained by the Plaintiff in ARM investments, was ARM terminated as Plaintiff's fixed income manager.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT OF CALLAN ASSOCIATES, INC.

18.

Plaintiff realleges and adopts by reference all of the allegations of the foregoing paragraphs and further alleges:

19.

Plaintiff would show that Defendants are in violation of their contractual duties, more particularly set forth in the Contract for Consulting Services which is attached hereto as Exhibit "A" and the Statement of Investment Objectives and Guidelines attached as Exhibit "C" to Plaintiff's Third Amended Original Complaint. Specifically, Callan was to provide independent consulting services to Plaintiff. Plaintiff alleges conflicts, as previously plead, were in existence between Callan and ARM, viz-a-viz the Plaintiff, which resulted in Callan's services not truly being independent.

20.

Moreover, with respect to Callan, this Defendant was contracted with and paid a fee for, among other things, helping to select appropriate fund managers as well as to provide quarterly

performance analysis and to advise Plaintiff accordingly. Plaintiff alleges that to the extent that these services were rendered, they were inadequate. Plaintiff was pacified at quarterly meetings by Callan's representative, Bill Badger, who assured them he was keeping abreast of the ARM investments, but at the same time, Badger recommended they lower their investment guidelines to accommodate the drop in the ARM investments' quality.

21.

Plaintiff would show that they are entitled to reasonable and necessary attorneys' fees.

### THIRD CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY OF ARM CAPITAL ADVISORS, INC.

22.

Plaintiff realleges and adopts by reference all of the allegations of the foregoing paragraphs and further alleges:

23.

Plaintiff would show, as stated above, that a fiduciary relationship existed between Plaintiff and Defendant ARM. Plaintiff and Defendant ARM maintained a confidential relationship which included the reliance on one another to perform as agreed. The breach of the fiduciary duties occurred when Defendant ARM breached its agreement to provide adequate investment management services with respect to the Plaintiff's assets as contemplated. Defendant ARM breached its fiduciary duty to Plaintiff by failing to invest in the proper class and quality of investments as agreed.

24.

Specifically, in this regard, the Statement of Investment Objectives and Guidelines of the Beaumont Fireman's Relief and Retirement Fund stated that the duties and responsibilities of each investment manager retained by the Fund included the following:

"1. Managing the assets under its management in accordance with the policy guidelines and objectives expressed herein, or expressed in a separate written agreement when deviation is deemed prudent and desirable.

2. Exercising full investment discretion (including holding cash and equivalents as an alternative) within the guidelines and objectives stated herein. Such discretion includes decisions to buy, hold or sell securities in amounts and proportions reflective of the manager's current investment strategy and compatible with the investment objectives.

3. Promptly informing the Fund regarding all significant matters pertaining to the investment of the fund assets, for example:

    - substantive changes in investment strategy, portfolio structure and market value of managed assets,

    - the manager's progress in meeting the investment objectives set forth in this document, and

    - significant changes in the ownership, affiliations, organizational structure, financial condition, professional personnel staffing and clientele of the investment management organization.

4. Initiating written communication with the Fund whenever the investment manager believes that this <u>Statement of Investment Objectives and Guidelines</u> should be altered. No deviation from guidelines and objectives established in the Statement should occur until after such communication has occurred and the Fund has approved such deviation in writing.

5. Complying with all laws pertaining to the investment manager's duties and responsibilities <u>as a fiduciary</u> (emphasis added). It is expected that Fund assets will be invested with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent professional investment manger [sic], acting in a like capacity and familiar with such matters, would use in the investment of fund assets."

See <u>Statement of Investment Objectives and Guidelines</u> of the Beaumont Fireman's Relief and Retirement Fund dated December, 1997 and attached as Exhibit "C" to Plaintiff's Third Amended Original Complaint.

25.

The Fixed Income Segment objectives for the Plan were described in the <u>Statement of Investment Objectives and Guidelines</u> as:

- The total fixed-income segment return should rank in the upper 50th percentile compared to the Callan Fixed Income Database measured over a period of five (5) years.

- The individual domestic fixed-income managers total return should perform at least at the upper 40th percentile compared to investment style peers of similar type as found in Callan's Total Domestic Fixed Income Database measured over a minimum period of five (5) years.

- The total fixed-income return should exceed the total return of the Shearson Lehman Government/Corporate Bond Index measured over a period of five (5) years.

See <u>Statement of Investment Objectives and Guidelines</u>, dated November 1994, page 5.

26.

Further, Texas law provides that investment managers are fiduciaries. Section 802.203 of the Texas Local Firefighters Retirement Act provides, in pertinent part:

> "a) In making and supervising investments of the reserve fund of a public retirement system, an investment manager or the governing body shall discharge its duties solely in the interest of the participants and the beneficiaries.
>
> 1) for the exclusive purposes of:
>    A) providing benefits to participants and their beneficiaries; and
>    B) defraying reasonable expenses of administering the system;
>
> 2) with the care, skill, prudence, and diligence under the prevailing circumstances that a prudent person acting a like capacity and familiar with matters of the type would use in the conduct of an enterprise with a like character and like aims;
>
> 3) by diversifying the investments of the system to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and

<u>Plaintiff's Fourth Amended Original Complaint</u> - 8

> 4) in accordance with the documents and instruments governing the system to the extent that the documents and instruments are consistent with this subchapter."

Article 6243E Vernon's Texas Civil Statutes (2001).

27.

Plaintiff alleges that Defendant ARM invested in securities which were not of the quality required by the Fund and failed to inform the Fund of same as obligated. Upon termination of ARM as a Fund Manager, Plaintiff hired the Bank of New York to liquidate ARM's portfolio. A pertinent part of that report states:

> "... We conducted a competitive bid process in which we attempted to obtain multiple bids on each issue. During this process, our fixed income traders discovered that a large portion of the bonds in the portfolio was illiquid and poor quality. Our fixed income traders experienced difficulty in obtaining multiple bids for specifically eighteen bonds within the Vanderbilt portfolio. (See Table 2) Furthermore, many of the bonds were trading a levels considerably less from levels in which the custodian listed as market value. In some cases, we were not able to obtain any bids. We, first, offered these bonds to Atlanta Capital. They declined on incorporating the bonds in-kind due to their poor quality nature."

See <u>BNY ESI & CO., Inc.'s report</u> attached as Exhibit "D" to Plaintiff's Third Amended Original Complaint.

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT OF ARM CAPITAL ADVISORS, INC.

28.

Plaintiff realleges and adopts by reference all of the allegations of the foregoing paragraphs and further alleges:

29.

Plaintiff would show that Defendant ARM is in violation of their contractual duties, more particularly set forth in the contract attached as Exhibit "B" and set forth in the <u>Statement of Investment Objectives and Guidelines</u> which were in affect during the relevant time period. See Exhibit "C."

30.

Specifically, ARM was to provide asset management services to Plaintiff. ARM did not adequately inform Plaintiff as to its deviation from the plan's investment guidelines or of the poor condition of the assets in which ARM had invested. Plaintiff alleges these acts were in bad faith or, in the alternative, constituted wilful or reckless misconduct or violation of applicable law as herein stated.

31.

As a result of the foregoing, Plaintiff has incurred damages which include, but are not limited to, loss of investment principal, loss of income, and loss of investment opportunity, all of which were a produced result or proximate result of the Defendants' conduct. For these amounts the Plaintiff now sues.

32.

Plaintiff would show that they are entitled to reasonable and necessary attorneys' fees.

33.

Exhibits A, B, C and D to Plaintiff's Third Amended Original Complaint are incorporated herein by reference as if fully set forth at length.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final judgment, Plaintiff have judgment against Defendants, jointly and severally, for their damages in an amount within the jurisdictional limits of the Court, prejudgment and post-judgment interest, costs of court, attorneys fees, punitive damages and for such other and further relief to which Plaintiff may be justly entitled to receive.

Respectfully submitted,

MOORE, LANDREY, L.L.P.
390 Park Street, Suite 500
Beaumont, Texas 77701
(409) 835-3891
(409) 835-2707 FAX

ETHAN L. SHAW
State Bar No. 18140480
JOHN P. COWART
State Bar No. 04919500

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing has been sent certified mail, return receipt/overnight mail to Charles M. Schaible, Cooley Godward, L.L.P., One Maritime Plaza, 20th Floor, San Francisco, CA 94111; Philip Werner, Werner & Kerrigan, L.L.P., 1300 Post Oak Blvd., Ste. 2225, Houston, TX 77056; David Engstrom, Harkins Cunningham, 2600 One Commerce Square, 2005 Market Street, Philadelphia, PA 19103-7042; and Paul Gertz, Germer, Bernsen & Gertz, L.L.P., P.O. Box 4915, Beaumont, TX 77704-4915; on this 14th day of February, 2003.

JOHN P. COWART